```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JANICE BEAKLEY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 14-6502 (JBS-AMD) |
| UNITED STATES OF AMERICA, | |
| Defendant. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In these matters, pro se Plaintiff Janice Beakley alleges that the United States Government failed to employ her and/or provide her with housing due to her race, color, sex, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Fair Housing Act ("FHA"), 42 U.S.C §§ 3604(a) & 3613. Because Plaintiff seeks to bring these actions in forma pauperis, the Court has an obligation to screen the complaint under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

1. Because Plaintiff's application affidavit states that she is indigent, the Court will, pursuant to 28 U.S.C. § 1915, permit the Complaint to be filed without prepayment of fees, and will direct the Clerk of Court to file the Complaint.[1]

---

[1] Plaintiff initially filed the Complaint without an application to proceed in forma pauperis, and the Court administratively

2. 28 U.S.C. § 1915(e)(2)(B) requires the Court to review Plaintiff's Complaint and dismiss sua sponte any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Under Federal Rule of Civil Procedure 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To prevent a summary dismissal, a complaint must allege sufficient factual matter, accepted as true, to show that the claim is plausible on its face. A facially plausible claim is one that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Iqbal, 556 U.S. at

---

terminated this action on November 10, 2014, without prejudice to reopening once Plaintiff paid the filing fee or submitted a completed application to proceed without prepayment of fees within thirty (30) days. [Docket Item 3.] Plaintiff subsequently submitted an application to proceed in forma pauperis on November 19th, and the Court will therefore reopen the case and permit the Complaint to be filed.

2

678). In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff. United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The court will not credit legal conclusions or "recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678; see also Santiago v. Warminster Tp., 629 F.3d 121, 128 (2010).

    3.   Having reviewed Plaintiff's Complaint, the Court finds that it fails to conform to Federal Rule of Civil Procedure 8(a) and fails to state a claim upon which relief may be granted and is thus to be dismissed under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

    4.   First, Plaintiff's claim for employment discrimination under Title VII requires dismissal under Rules 8(a)(2) and 12(b)(6) because it fails to state a claim upon which relief may be granted. Plaintiff's Complaint contains sparse allegations as to the nature of any adverse employment action. She alleges only that she sought employment "all over," that unnamed employers failed to employ her "with substantial employment," and that she was discriminated against based on her race, color, sex, religion, and national origin. (Compl. [Docket Item 1] at 2, 4.) The Complaint provides no additional detail about where she worked or applied for jobs, and fails to allege what specific acts of discrimination occurred. Plaintiff

3

also fails to specify when she was subject to discrimination and whether any alleged discriminatory practice is ongoing. Plaintiff claims she filed charges with the N.J. Division on Civil Rights on January 1, 2000, but does not state the outcome of the investigation, or whether she received a right-to-sue letter from the Equal Employment Opportunity Commission.

    5.    As an initial matter, the Court notes that it is unclear whether Plaintiff has exhausted her administrative remedies. Prior to the filing of a civil action under Title VII, a claimant must exhaust administrative remedies by first filing a charge of discrimination with the EEOC or equivalent state agency within 180 days of the occurrence of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5; see also Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 469 (3d Cir. 2001) (citing Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997)). The EEOC is required to investigate the charge, and, if it has not resolved the charge within 180 days of filing, must provide the complainant with a "right-to-sue" letter authorizing the aggrieved person to bring a civil action under Title VII. See 29 C.F.R. § 1601.28. A private right of action does not arise until 180 days after a charge has been filed, Occidental Life Ins. Co. of Cal. v. E.E.O.C., 432 U.S. 355, 361 (1977), and a complainant may not bring a Title VII suit without having first received a right-to-sue letter. See

Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). After receiving the letter, a complainant must file a civil action within ninety (90) days from the date of receipt of the letter. See 42 U.S.C. § 2000e-5(f)(1); Burgh, 251 F.3d at 470.

    6.    Plaintiff's Complaint sets forth little information concerning her compliance with the statutory requirements. Plaintiff alleges that she filed charges with the N.J. Division on Civil Rights regarding Defendant's alleged discriminatory conduct on January 1, 2000. However, she does not identify a date on which she received a right-to-sue letter, nor does she attach any such letter to her Complaint. Notwithstanding the fact that Plaintiff has provided no information pertaining to the outcome of this charge, and assuming that the date of filing that she alleges is accurate, the time that has passed leading up to the filing of the present Complaint appears to have exceeded the statutory limitation of ninety days. Nevertheless, the Court, keeping in mind that pro se complaints in particular should be construed liberally, will provide Plaintiff with one more opportunity to demonstrate that she has exhausted her administrative remedies. See Boyce v. Ancora State Hosp., No. 14-185, 2015 WL 857573, at *3 (D.N.J. Feb. 27, 2015) (permitting pro se plaintiff opportunity to file an amended complaint containing dates and documentation regarding when she filed her charge with the EEOC to show exhaustion of

5

administrative remedies); see also Small v. Conoco Phillips, No. 06-4722, 2006 WL 2990370, at *2 (D.N.J. Oct. 18, 2006) (permitting pro se plaintiff to file amended complaint to correct defect where plaintiff failed to attach a copy of EEOC charge showing exhaustion of administrative remedies).

7. Even assuming Plaintiff has exhausted her administrative remedies and has filed suit within the required 90-day time period, Plaintiff's Complaint fails to state a plausible claim for employment discrimination and must be dismissed. To state a claim of employment discrimination under Title VII, a plaintiff must show that she belongs to a protected class; that she was subject to an adverse employment action despite being qualified for the position; and that, under circumstances that raise an inference of discriminatory action, similarly situated persons who are not members of the protected class were treated more favorably. See Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (citing McDonnell Douglas, 411 U.S. at 802); Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 281-82 (3d Cir. 2001); Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 939 (3d Cir. 1997). Although a plaintiff "'need not plead law or match facts to every element of a legal theory,'" Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) (quoting Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998))), she must present

6

"enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

8. Plaintiff asserts that she was discriminated against due to her race, color, sex, religion, and national origin, but her Complaint lacks any facts purporting to support these allegations. The Complaint is devoid of any specific facts regarding any employment action at all. Plaintiff does not provide the name of a federal agency or an address at which she sought employment, but vaguely asserts that it was "all over." In addition, Plaintiff has not identified a discriminatory statement or action by an agency or employee of the United States in connection with her inability to secure employment. Nothing in the Complaint supports that Plaintiff attempted to secure employment, let alone that her failure to obtain a job was somehow related to her race, color, sex, religion, or national origin. Plaintiff does not point to a single discriminatory act or instance in which she was denied an opportunity to apply to or was rejected from a position offered by Defendant, alleging only that Defendant failed to employ Plaintiff "with substantial employment." Although a complaint of employment discrimination need not contain specific facts establishing a *prima facie* case to survive a motion to dismiss,

7

it must contain at least "sufficient factual matter" to support a reasonable inference that Defendant engaged in discrimination against Plaintiff. Iqbal, 556 U.S. at 678. Plaintiff's Complaint lacks sufficient factual matter to draw any reasonable inference of employment discrimination, and must be dismissed for failure to state a claim. Further, because of the lack of any grounds for a claim of employment discrimination, the Complaint fails to give notice to any defendant regarding the contours of the conduct it would be called upon to defend.

9.  Plaintiff additionally attempts to assert a claim for housing discrimination. On page four of her Complaint, Plaintiff alleges that Defendant "fail[ed] to provide [Plaintiff] with safe housing as they do everyone else as in criminals and undocumented foreigners." (Compl. at 4.) Plaintiff attached two documents to her complaint in support of this allegation. On the first attachment, which is titled "Top 25 Recipient Countries of U.S. Foreign Aid FY 2012," Plaintiff circled several of the countries and wrote, "2 reasons why whites can't get housing." (Compl. at 5.) The second attachment appears to be an excerpt from an article by the Press of Atlantic City. Plaintiff circled and starred a sentence from the article describing how an individual named Rashada Allencq allegedly let the 'Dirty Blok' gang use her public housing unit as a "trap house," and wrote in the margin, "this is who they

8

give it to" and "this BS is why white people can't get housing." (Compl. at 6.)

10. Although the Complaint does not specify a cause of action, the Court liberally construes the Complaint as attempting to allege a violation of the Fair Housing Act ("FHA"). The FHA makes it unlawful "to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). To make out a claim under § 3604(a), Plaintiff must demonstrate that the defendant denied or made housing unavailable to her, and that the defendant's actions were based on her status in a protected class. Koorn v. Lacey Twp., 78 F. App'x 199, 206 (3d Cir. 2003) (citing Edwards v. Johnston Cnty. Health Dep't, 885 F.2d 1215, 1221 (4th Cir. 1989)). "The FHA can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class." Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly, 658 F.3d 375, 381 (3d Cir. 2011) (citing Cmty. Serv., Inc. v. Wind Gap Mun. Auth., 421 F.3d 170, 176 (3d Cir. 2005)). Neither document attached to the Complaint offers an ascertainable basis to support Plaintiff's claim of housing discrimination. There is no allegation that Plaintiff applied

9

for and was denied housing, or that Defendant otherwise made housing unavailable to her due to her race or other protected status. There are no additional facts included in Plaintiff's Complaint that would lend plausibility to a legal conclusion of housing discrimination. At most, Plaintiff is asserting only some sort of generalized grievance that she lacks the housing she feels that the federal government must provide to her; such an allegation fails to state a claim under the Fair Housing Act when unsupported by any allegations of the who, what, when, where, and why of the circumstances of denied housing based on race or other protected class. The claim requires dismissal under Rules 8(a)(2) and 12(b)(6) because it fails to state a claim upon which relief may be granted.

    11. In sum, and for all of the foregoing reasons, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim, pursuant to Rules 8(a)(2) and 12(b)(6). Plaintiff may file a motion for leave to file an Amended Complaint within thirty (30) days, accompanied by a proposed Amended Complaint. The proposed Amended Complaint should attempt to cure the deficiencies described herein by including clear and concise allegations of the grounds for housing discrimination and employment discrimination, and, with respect to employment discrimination, Plaintiff should include allegations demonstrating that she has exhausted her

administrative remedies. The accompanying Order will be entered.

| | |
|---|---|
| **July 29, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |